IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KRISTINA QUARLES a/k/a Kristina Wright                                    PLAINTIFF
ADC # 760441

V.                                    5:10CV00031 WRW

HEARTLAND COMMUNITY BANK;
LUANN KENWARD, Loan Officer, Heartland
Commercial Bank; NOKA EMERSON,
President, Heartland Commercial Bank; and
CHRISTY KINARD, Teller, Heartland Commercial Bank                        DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff, an inmate at the Grimes Women's Unit of the Arkansas Department of Correction, filed this *pro se* Complaint (Doc. No. 2), ostensibly pursuant 42 U.S.C. § 1983. Having carefully reviewed Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915A(a), the Court orders that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

I.      SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's recent opinion in *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 1950, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 545-46.

## II. ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff, who is serving a sentence for crimes including financial identity fraud and forgery, has alleged that "negligence" of the Defendant financial institution and its employees "allowed" Plaintiff to commit her crimes. Plaintiff admits that in 2001 she went into the Heartland Community Bank and obtained a false loan using a fake identity and non-existent VIN number. Plaintiff states she "feels that if the Policies and Procedures would have been followed, Ms. Wright would not have

2

been able to falsify information and obtain the loan . . . and therefore Ms Wright could not have been allowed to commit a crime."

To state a cognizable claim under 42 U.S.C. § 1983 Plaintiff must allege that: (1) she was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused or committed by a person acting under color of state law. *Roe v. Humke*, 128 F.3d 1213, 1214 (8th Cir. 1997). Plaintiff here has failed to allege facts indicating these Defendants committed the complained of conduct while acting under color of state law. An individual acts under color of state law when he or she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Roe*, 128 F.3d at 1216.

Moreover, it appears on the face of the complaint that Plaintiff's claims are time-barred. The statute of limitations for § 1983 actions is the forum state's statute of limitations for personal injury actions,[1] which in Arkansas is three years. *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991). These events occurred in 2001, over eight years before the filing of the Complaint.

Lastly, the Court observes that Plaintiff's claims are simply legally frivolous, and subject to dismissal for this reason alone.

III.  CONCLUSION

IT IS THEREFORE ORDERED that:

1.  Plaintiff's complaint (Doc. No. 2) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted;

---

[1] Although state law determines the limitations period for filing § 1983 claims, federal law determines when a cause of action accrues. *White v. Garrison*, 70 F.3d 1276 (8th Cir. 1995) (unpublished table opinion). Under federal common law, a cause of action accrues when a plaintiff "discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." *Union Pacific R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998).

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 1) is DISMISSED;

3. Dismissal of this action constitutes a "strike" for the purposes of 28 U.S.C. § 1915(g);[2] and

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal taken from this Order and the accompanying Judgment would not be taken in good faith.

DATED this 1st day of March, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[2] Under § 1915(g), a prisoner may not proceed with a civil suit *in forma pauperis* if the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).